|  |  |  |
|---|---|---|
| CHARLENE LIBERTY, JOHN DAPONTE, JOHN DAVIS, DUANE GOMES, ADAM HANRAHAN and CHARLES KENNER, on behalf of themselves and all others similarly situated; and DISABILITY RIGHTS RHODE ISLAND, on behalf of its constituents, *Plaintiffs,* v. RHODE ISLAND DEPARTMENT OF CORRECTIONS; PATRICIA COYNE-FAGUE, in her official capacity as the Director of the Rhode Island Department of Corrections; MATTHEW KETTLE, in his official capacity as Assistant Director of Institutions and Operations; and BARRY WEINER, in his official capacity as Assistant Director of Rehabilitation Services *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-cv-0573-WES-PAS |

## AMENDED ANSWER OF STATE DEFENDANTS TO PLAINTIFFS' COMPLAINT

Now come the Rhode Island Department of Corrections ("DOC"), Patricia Coyne-Fague, in her official capacity as the Director of the Rhode Island Department of Corrections, Matthew Kettle, in his official capacity as Assistant Director of Institutions and Operations, and Barry Weiner, in his official capacity as Assistant Director of Rehabilitation Services (hereinafter collectively referred to as "STATE DEFENDANTS") and file this, THEIR Answer to Plaintiffs' Complaint as follows:

I.      INTRODUCTION

1.  State Defendants deny Paragraph 1 of Plaintiffs' Complaint.

2.  State Defendants deny Paragraph 2 of Plaintiffs' Complaint.

3. State Defendants deny Paragraph 3 of Plaintiffs' Complaint.

4. State Defendants admit that this Complaint identifies as a plaintiff the Disability Rights Rhode Island on behalf of its constituents. To the extent that Paragraph 4 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

5. State Defendants deny Paragraph 5 of Plaintiffs' Complaint.


II.    JURISDICTION AND VENUE

6. Paragraph 6 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, to the extent a response is required, it is denied.

7. Paragraph 7 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, to the extent a response is required, it is denied.

8. Paragraph 8 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, to the extent a response is required, it is denied.


III.    CLASS CERTIFICATION

9. State Defendants admit that Charlene Liberty, John DaPonte, John Davis, Duane Gomes, Adam Hanrahan and Charles Kenner are named as plaintiffs in this Complaint and that Complaint asserts class allegations. State Defendants admit that the Rhode Island Department of Corrections has a policy entitled "12.27 DOC" "Subject: Conditions of Confinement." To the extent that Paragraph 9 of Plaintiffs' Complaint alleges other facts, it is denied.

10. State Defendants deny Paragraph 10 of Plaintiffs' Complaint.

11. State Defendants do not have sufficient information to admit or deny Paragraph 11 of Plaintiffs' Complaint, and on that basis, deny it.

12. State Defendants deny that DOC has statewide solitary confinement policies. State Defendants admit that the Rhode Island Department of Corrections has a policy entitled "12.27 DOC" "Subject: Conditions of Confinement." To the extent that Paragraph 12 and its subsections (a) through (e) alleges other facts, it is denied.

13. State Defendants are without sufficient information or belief at this time to respond to Paragraph 13 of Plaintiffs' Complaint an, on the basis, denies it.

14. State Defendants deny Paragraph 14 of Plaintiffs' Complaint.

15. State Defendants deny sentence one and two of Paragraph 15 of Plaintiffs' Complaint. State Defendants are without sufficient information or belief at this time to respond to the third sentence of Paragraph 15 of Plaintiffs' Complaint and, on the basis, denies it.

16. State Defendants admit that Plaintiffs have pled their Complaint as a purported class action. To the extent that Paragraph 16 of Plaintiffs' complaint alleges other facts, it is denied.

17. State Defendants admit that Plaintiffs have pled their Complaint as a purported class action. To the extent that Paragraph 17 of Plaintiffs' complaint alleges other facts, it is denied.

IV.   <u>PARTIES</u>

18. State Defendants admit that Plaintiff Liberty is thirty-six year old woman. State Defendants admit that RIDOC designated Plaintiff Liberty as SPMI. State Defendants admit that Plaintiff Liberty's chart records that she had a head injury in 2019. State Defendants admit that RIDOC has taken Plaintiff Liberty to the hospital emergency room for treatment. To the extent that Paragraph 18 of Plaintiffs' complaint alleges other facts, it is denied.

19. State Defendants deny Paragraph 19 of Plaintiffs' Complaint.

20. State Defendants admit that at the time of filing of this Answer, Plaintiff John DuPonte is a fifty-one year old man and is housed at the Maximum Security Facility. State Defendants admit that as a result of Plaintiff DuPonte's conduct he was reviewed for classification and downgraded. Defendants admit that Plaintiff DuPonte was sanctioned to discipline for narcotics trafficking. To the Extent that Paragraph 20 of Plaintiffs' Complaint alleges other facts, it is denied.

21. State Defendants admit that Plaintiff John DuPonte filed a grievance requesting access to art classes that was reviewed and responded to on July 25, 2019. To the extent that Paragraph 21 of Plaintiffs' complaint alleges other facts, it is denied.

22. State Defendants admit that Plaintiff John Davis is a forty-six year old man and has been housed in Medium Security, Maximum Security and High Security at different times during his incarceration. State Defendants admit that RIDOC designated Plaintiff Davis as SPMI. To the Extent that Paragraph 22 of Plaintiffs' Complaint alleges other facts, it is denied.

23. State Defendants deny Paragraph 23 of Plaintiffs' Complaint.

24. State Defendants admit that Plaintiff Gomes is a twenty four year old man that has been housed at Intake Service Center, Maximum Security and at the RTU during his incarceration. State Defendants admit that RIDOC designated Plaintiff Gomes as SPMI. State Defendants admit that Plaintiff Gomes has incurred disciplines while incarcerated. To the Extent that Paragraph 24 of Plaintiffs' Complaint alleges other facts, it is denied.

25. State Defendants deny Paragraph 25 of Plaintiffs' Complaint.

26. State Defendants admit that Plaintiff Hanrahan is a thirty-four year old man. State Defendants admit that RIDOC designated Plaintiff Hanrahan as SPMI. To the Extent that Paragraph 26 of Plaintiffs' Complaint alleges other facts, it is denied.

27. State Defendants deny Paragraph 27 of Plaintiffs' Complaint.

28. State Defendants admit that Plaintiff Kenner is a twenty-six year old man and has incurred disciplines while incarcerated. To the Extent that Paragraph 28 of Plaintiffs' Complaint alleges other facts, it is denied.

29. State Defendants deny Paragraph 29 of Plaintiffs' Complaint.

30. State Defendants admit that Disability Rights Rhode Island ("DRRI") is a nonprofit that has been designated as the Protection and Advocacy agency. Otherwise, Paragraph 30 of the Complaint states legal conclusions to which no response is necessary, to the extent a response is required, it is denied.

31. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies the allegations of Paragraph 31 of the Complaint.

32. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies the allegations of Paragraph 32 of the Complaint.

33. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies the allegations of Paragraph 33 of the Complaint.

34. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies the allegations of Paragraph 34 of the Complaint.

35. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies the allegations of Paragraph 35 of the Complaint.

36. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies the allegations of Paragraph 36 of the Complaint.

37. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies the allegations of Paragraph 37 of the Complaint.

38. State Defendants deny Paragraph 38 of Plaintiffs' Complaint.

39. State Defendants admit that representatives of the then Rhode Island Disability Law Center sent Acting Director Patricia Coyne-Fague a letter dated February 10, 2019. State Defendants admit that at some time after February 10, 2019, representatives of RI DOC met with representatives of the then Rhode Island Disability Law Center. To the extent that Paragraph 38 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

40. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies the allegations of Paragraph 40 of the Complaint.

41. State Defendants deny Paragraph 41 of Plaintiffs' Complaint.

42. State Defendants deny Paragraph 42 of Plaintiffs' Complaint.

43. State Defendants admit that DRRI is located at 33 Broad Street, Suite 60, Providence, Rhode Island.

44. State Defendants admit that the RI Department of Corrections is a department of the State of Rhode Island. State Defendants admit that R.I. Gen. Laws § 42-56-4 describes the organization of the Department. State Defendants admit that both RIDOC has custody of pre-trial, awaiting sentenced and sentenced individuals. To the extent that Paragraph 44 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

45. State Defendants admit that Patricia Coyne-Fague is the Director of the Rhode Island Department of Corrections and was acting within the course and scope of her duties. State Defendants admit that Patricia Coyne-Fague is sued in her Official Capacity. State

Defendants admit that R.I. Gen. Laws § 42-56-10 is entitled "Powers of the Director." To the extent Paragraph 45 alleges other or additional facts, it is denied.

46. State Defendants admit that Matthew Kettle is the Assistant Director of Institutions and Operations and was acting within the course and scope of his duties. State Defendants admit that Matthew Kettle has been sued in his Official capacity. To the extent Paragraph 46 alleges other or additional facts, it is denied.

47. State Defendants admit that Barry Weiner is the Assistant Director of Rehabilitative Services at the Rhode Island Department of Corrections and was acting within the course and scope of his duties. State Defendants admit that Barry Weiner has been sued in his Official capacity. To the extent Paragraph 47 alleges other or additional facts, it is denied.

V. FACTS

48. State Defendants admit that the Adult Correctional Institutions at the Rhode Island Department of Corrections are comprised of 6 inmate facilities located on the Pastore Government Center Complex in Cranston, RI. State Defendants admit that during FY 2018 it was reported that: the Intake Service Center had an average facility population of 842, the Minimum Security had an average facility population of 278; that the Medium Security had an average facility population of 1,024, that the Maximum Security had an average facility population of 412; that the High Security had an average facility population of 88 and the Women's Facility had an average facility population of 140. To the extent that Paragraph 48 of Plaintiffs' Complaint alleges other facts, it is denied.

49. State Defendants admit that the Intake Service Center (ISC) is a maximum security facility which serves as Rhode Island's jail for male offenders. The State Defendants admit that the ISC's average facility population for FY18 was 842. The State Defendants admit that pretrial detainees, newly sentenced inmates who are awaiting classification to other facilities, and sentenced protective custody inmates are housed at ISC. To the extent Paragraph 49 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

50. State Defendants admit that the Women's Facilities at the Gloria McDonald Building (WOM) house awaiting trial offenders and three classification levels (medium, minimum and work release). The State Defendants admit that the WOM's average facility population

for FY18 was 140. To the extent Paragraph 50 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

51. State Defendants admit that the High Security Center (HSC) is a supermax facility which houses inmates who require close custody and control, including protective custody inmates. State Defendants admit that the HSC contains a Rehabilitation Treatment Unit. deny Paragraph 51 of Plaintiffs' Complaint. The State Defendants admit that the HSC's average facility population for FY18 was 138. To the extent Paragraph 51 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

52. State Defendants admit that the Maximum Security facility was opened during 1878. The State Defendants admit that the Maximum Security facility's average population for FY2018 was 411. To the extent Paragraph 52 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

53. The State Defendants admit that the Medium Security at the John J. Moran Facility houses sentenced adult male offenders who are classified as medium custody. The State Defendants admit that the Medium Security facility's average population for FY2018 was 1,024. To the extent Paragraph 53 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

54. The State Defendants admit that all Minimum Security inmates, unless medically certified as unable to work, are employed either within the institution, on public service projects, work release or are seeking employment. The State Defendants admit that the Minimum Security facility's average population for FY2018 was 278. The State Defendants admit that the Minimum Security facility's operational capacity for FY2018 was 708. To the extent Paragraph 54 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

55. State Defendants admit that RIDOC has a policy entitled "12:27 DOC" "Subject: Conditions of Confinement." To the extent Paragraph 55 alleges other or additional facts, it is denied.

56. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies the allegations of Paragraph 56 of the Complaint.

57. State Defendants deny Paragraph 57 of Plaintiffs' Complaint.

58. State Defendants deny Paragraph 58 of Plaintiffs' Complaint.

59. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore denies the allegations of Paragraph 59 of the Complaint.

60. State Defendants deny Paragraph 60 of Plaintiffs' Complaint.

61. State Defendants deny Paragraph 61 of Plaintiffs' Complaint.

62. State Defendants deny Paragraph 62 of Plaintiffs' Complaint.

63. State Defendants deny Paragraph 63 of Plaintiffs' Complaint.

64. State Defendants deny Paragraph 64 of Plaintiffs' Complaint.

65. State Defendants deny Paragraph 65 of Plaintiffs' Complaint.

66. State Defendants admit that RIDOC has  a policy entitled "12:27 DOC" "Subject: Conditions of Confinement."   To the extent Paragraph 66 alleges other or additional facts, it is denied.

67. State Defendants admit that RIDOC has  a policy entitled "12:27 DOC" "Subject: Conditions of Confinement."  To the extent Paragraph 67 alleges other or additional facts, it is denied.

68. State Defendants admit that RIDOC has  a policy entitled "12:27 DOC" "Subject: Conditions of Confinement."  To the extent Paragraph 68 alleges other or additional facts, it is denied.

69. State Defendants deny Paragraph 69 of Plaintiffs' Complaint.

70. State Defendants deny Paragraph 70 of Plaintiffs' Complaint.

71. State Defendants deny Paragraph 71 of Plaintiffs' Complaint.

72. State Defendants deny Paragraph 72 of Plaintiffs' Complaint.

73. State Defendants deny Paragraph  73 of Plaintiffs' Complaint.

74. State Defendants deny Paragraph  74 of Plaintiffs' Complaint.

75. State Defendants deny Paragraph  75 of Plaintiffs' Complaint.

76. State Defendants admit that RIDOC's Acting Clinical Director of Behavioral Health Caitlin Bouchard testified before the Commission created pursuant to House Resolution H8206 (Sub A).  To the extent Paragraph 76 of Plaintiffs' Complaint alleges other or additional facts, State Defendants deny it..

77. State Defendants admit that the Rhode Island Department of Corrections defines serious and persistent mental illness (SPMI) as being a condition that affects persons aged 18 or

older who currently or at any time in the past year, have had a diagnosed mental, behavioral or emotional disorder of sufficient duration to meet criteria specified within DSM-V (with the exception of substance use disorders and developmental disorders) that has resulted in significant functional impairment that has occurred on either a continuous or intermittent basis. The qualifying diagnoses recognized by our jurisdiction are as follows: Schizophrenia, Schizoaffective Disorder, Other Specified Schizophrenia Spectrum and other Psychotic Disorders, Bipolar Disorder(s), Delusional Disorder, Major Depressive Disorder, Panic Disorder, Agoraphobia, Post Traumatic Stress Disorder, Obsessive Compulsive Disorder and Borderline Personality Disorder.

There must be evidence of extended impairment in functioning due to the qualifying mental illness. This includes the following:

1. Extended Impairment in Functioning due to Mental Illness
   a. Documentation that the individual has experienced two of the following four functional limitations due to a designated mental illness over the past 12 months on a continuous or intermittent basis:
      i. Marked difficulties in self-care (personal hygiene, diet, clothing avoiding injuries, securing health care or complying with medical advice).
      ii. Marked restriction of activities of daily living (maintaining a residence, using transportation, day to day money management, accessing community services).
      iii. Marked difficulties in maintaining social functioning (establishing and maintaining social relationships, interpersonal interactions with primary partner, children or other family members, friends, neighbors, social skills, compliance with social norms, appropriate use of leisure time).
      iv. Frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (ability to complete tasks commonly found in work settings or in structured activities that take place in home or school settings, individuals may exhibit limitations in these areas when they repeatedly are unable to complete simple tasks within an established time period, make frequent errors in tasks, or require assistance in the completion of tasks).
      v. Required inpatient psychiatric hospitalization and treatment more intensive than outpatient care at least once in his/her lifetime
      vi. Experienced at least one episode of continuous, structured supportive residential care, lasting for at least 2 months (i.e. group home)
      vii. Requires public financial assistance
      viii. Shows a severe inability to establish and maintain a personal support system, as evidenced by extreme withdrawal and social isolation

ix. Exhibits inappropriate social behavior not easily tolerated in the community, which results in a demand for intervention by mental health or judicial systems

Or

2. Reliance on Psychiatric Treatment, Rehabilitation and Supports
A documented history shows that the individual at some prior time met the threshold for 3 (above), but the symptoms and/or functioning problems are currently attenuated by medication or psychiatric rehabilitation and supports. Medication refers to psychotropic medications which may control certain primary manifestations of mental disorder; e.g. hallucinations, but may or may not affect functional limitations imposed by the mental disorder. Psychiatric rehabilitation and supports refer to highly structured and supportive settings (e.g. Congregate or Apartment Treatment Programs) which may greatly reduce the demands placed on the individual and thereby, minimize overt symptoms and signs of the underlying mental disorder.

To the extent 77 alleges other facts, it is denied.

78. State Defendants deny Paragraph 78 of Plaintiffs' Complaint.

79. State Defendants deny Paragraph 79 of Plaintiffs' Complaint.

80. State Defendants admit that RIDOC transported Plaintiff Liberty to the hospital when they believed it was medically appropriate. To the extent Paragraph 80 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

81. State Defendants deny Paragraph 81 of Plaintiffs' Complaint.

82. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies the allegations of Paragraph 82 of the Plaintiffs' Complaint.

83. State Defendants deny Paragraph 83 of Plaintiffs' Complaint.

84. State Defendants deny Paragraph 84 of Plaintiffs' Complaint.

85. State Defendants admit that Plaintiff Liberty's electronic medical record documents that on or about May 5, 2019 Plaintiff Liberty was running into the cell door, striking her head. She then climbed onto the sink and jumped off, again banging her head. The Officers took steps to stop Plaintiff Liberty from continuing to harm herself as she was on Constant Observation status already. State Defendants admit that the nursing note indicates that Plaintiff Liberty appeared to be having a seizure, and she was found to have a large hematoma on her head from the self-injurious behavior. State

Defendants admit that Plaintiff Liberty was taken to the emergency room. To the extent Paragraph 85 of Plaintiffs' Complaint alleges other or additional facts, it is denied as written.

86. State Defendants deny an excessive use of force on individuals with SPMI. State Defendants are without knowledge or information sufficient to form a belief as to the truth of any other or additional allegations contained in Paragraph 86, and therefore denies the allegations of Paragraph 86 of the Complaint.

87. State Defendants admit that the RIDOC created the Residential Treatment Unit ("RTU") in 2018. To the extent Paragraph 87 of Plaintiffs' Complaint alleges other or additional facts, it is denied.

88. State Defendants deny Paragraph 88 of Plaintiffs' Complaint

89. State Defendants deny Paragraph 89 of Plaintiffs' Complaint.

90. State Defendants deny Paragraph 90 of Plaintiffs' Complaint.

91. State Defendants deny Paragraph 91 of Plaintiffs' Complaint.

92. State Defendants deny Paragraph 92 of Plaintiffs' Complaint.

93. State Defendants deny Paragraph 93 of Plaintiffs' Complaint.

94. State Defendants deny Paragraph 94 of Plaintiffs' Complaint.

95. State Defendants deny the first sentence of Paragraph 95 of Plaintiffs' Complaint. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95, and therefore denies the allegations of Paragraph 95 of the Complaint.

96. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and therefore denies the allegations of Paragraph 96 of the Complaint.

97. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and therefore denies the allegations of Paragraph 97 of the Complaint.

98. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore denies the allegations of Paragraph 98 of the Complaint.

99. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore denies the allegations of Paragraph 99 of the Complaint.

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore denies the allegations of Paragraph 100 of the Complaint.

100. State Defendants deny the first sentence of Paragraph 101 of Plaintiffs' Complaint. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and therefore denies the allegations of Paragraph 101 of the Complaint.

101. State Defendants deny the first sentence of Paragraph 102 of Plaintiffs' Complaint. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 102, and therefore denies the allegations of Paragraph 102 of the Complaint.

102. State Defendants admit that a commission created pursuant to House Resolution H8206 (Sub A). State Defendants admit that individuals were appointed to serve on the commission. State Defendants admit that the report reflects that 2 former employees of the RIDOC and 3 then current employees of RIDOC were appointed to serve on the Commission. State Defendants admit that the report reflects that Louis Cerbo testified before the Commission. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 104, and therefore denies the allegations of Paragraph 104 of the Complaint.

103. State Defendants admit that RIDOC clinical staff testified before the Commission created pursuant to House Resolution H8206 (Sub A). State Defendants admit that Louis Cerbo testified before the Commission created pursuant to House Resolution H8206 (Sub A). State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 104, and therefore denies the allegations of Paragraph 104 of the Complaint.

104. State Defendants admit that the House Resolution H8206 (Sub A) issued a final report that contained a section entitled "Panel Recommendations." To the extent that Paragraph 105 of Plaintiffs' Complaint asserts additional or other allegations, it is denied.

105. State Defendants admit that House Resolution H8206 (Sub A) created a Commission and issued a final report that contained a section entitled "Panel Recommendations." State Defendants admit that employees of RIDOC were appointed to or testified before the Commission. To the extent that Paragraph 106 of Plaintiffs' Complaint asserts additional or other allegations, it is denied.

106. State Defendants deny Paragraph 106 of Plaintiffs' Complaint as written.

107. State Defendants admit that Director Coyne-Fague testified before the Rhode Island General Assembly's House Finance Committee. To the extent Paragraph 108 of Plaintiffs' complaint asserts additional or other allegations, it is denied.

108. State Defendants deny Paragraph 109 of Plaintiffs' Complaint.

109. State Defendants deny Paragraph 110 of Plaintiffs' Complaint.

110. State Defendants deny Paragraph 111 of Plaintiffs' Complaint.

111. State Defendants deny Paragraph 112 of Plaintiffs' Complaint.

112. State Defendants deny the first sentence in Paragraph 113 of Plaintiffs' Complaint. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 113, and therefore denies the allegations of Paragraph 113 of the Complaint.

113. State Defendants deny Paragraph 114 of Plaintiffs' Complaint.

114. State Defendants deny Paragraph 115 of Plaintiffs' Complaint.

115. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, and therefore denies the allegations of Paragraph 116 of the Complaint.

116. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and therefore denies the allegations of Paragraph 117 of the Complaint.

117. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, and therefore denies the allegations of Paragraph 118 of the Complaint.

118. State Defendants deny Paragraph 119 of Plaintiffs' Complaint.

119. State Defendants deny the first sentence in Paragraph 120 of Plaintiffs' Complaint. State Defendants are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegation contained in Paragraph 120, and therefore denies the allegations of Paragraph 120 of the Complaint.

120. State Defendants deny the first sentence in Paragraph 121 of Plaintiffs' Complaint. State Defendants admit that RIDOC has a policy entitled "12:27 DOC" "Subject: Conditions of Confinement." To the extent Paragraph 121 alleges additional or other facts, it is denied.

121. State Defendants deny Paragraph 122 of Plaintiffs' Complaint.

122. State Defendants deny Paragraph 123 of Plaintiffs' Complaint.

V.     CLAIMS FOR RELIEF
          COUNT ONE

123. State Defendants deny Paragraph 124 of Plaintiffs' Complaint.

124. State Defendants deny Paragraph 125 and its subsections (a) through (c) of Plaintiffs' Complaint.

125. State Defendants deny Paragraph 126 of Plaintiffs' Complaint.

126. State Defendants deny Paragraph 127 of Plaintiffs' Complaint.

127. State Defendants deny Paragraph 128 of Plaintiffs' Complaint.

128. State Defendants deny Paragraph 129 of Plaintiffs' Complaint.

WHEREFORE, the State Defendants pray that Count One is denied and dismissed.

          COUNT TWO

129. State Defendants deny Paragraph 130 of Plaintiffs' Complaint.

130. State Defendants deny Paragraph 131 of Plaintiffs' Complaint.

131. State Defendants deny Paragraph 132 of Plaintiffs' Complaint.

132. State Defendants deny Paragraph 133 of Plaintiffs' Complaint.

WHEREFORE, the State Defendants pray that Count Two is denied and dismissed.

          COUNT THREE

133. State Defendants deny Paragraph 134 of Plaintiffs' Complaint.

134. State Defendants deny Paragraph 135 of Plaintiffs' Complaint.

135. Paragraph 136 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

136. Paragraph 137 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

137. Paragraph 138 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

138. The first sentence of Paragraph 139 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied. The State Defendants deny any additional or other allegations set forth in Paragraph 139 of Plaintiffs' Complaint.

139. Paragraph 140 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

140. The first and second sentences of Paragraph 141 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied. The State Defendants deny any additional or other allegations set forth in Paragraph 141 of Plaintiffs' Complaint.

141. The first sentence of Paragraph 142 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied. The State Defendants deny any additional or other allegations set forth in Paragraph 142 of Plaintiffs' Complaint.

142. The first sentence of Paragraph 143 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied. The State Defendants deny any additional or other allegations set forth in Paragraph 143 of Plaintiffs' Complaint.

143. The first and second sentences of Paragraph 144 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied. The State Defendants deny any additional or other allegations set forth in Paragraph 144 of Plaintiffs' Complaint.

144. State Defendants deny Paragraph 145 of Plaintiffs' Complaint.

145. State Defendants deny Paragraph 146 of Plaintiffs' Complaint.

146. State Defendants deny Paragraph 147 of Plaintiffs' Complaint.

147. State Defendants deny Paragraph 148 of Plaintiffs' Complaint.

148. State Defendants deny Paragraph 149 of Plaintiffs' Complaint.

149. State Defendants deny Paragraph 150 of Plaintiffs' Complaint.

150. State Defendants deny Paragraph 151 of Plaintiffs' Complaint.

151. State Defendants deny Paragraph 152 of Plaintiffs' Complaint.

WHEREFORE, the State Defendants pray that Count Three is denied and dismissed.

COUNT FOUR

152. State Defendants deny Paragraph 153 of Plaintiffs' Complaint.

153. Paragraph 154 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

154. State Defendants deny Paragraph 155 of Plaintiffs' Complaint.

155. State Defendants admit that RIDOC is an agency of state government. State Defendants admit that RIDOC receives certain federal grant funds.

156. Paragraph 157 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

157. State Defendants deny Paragraph 158 of Plaintiffs' Complaint.

158. State Defendants deny Paragraph 159 of Plaintiffs' Complaint.

159. State Defendants deny Paragraph 160 of Plaintiffs' Complaint.

160. State Defendants deny Paragraph 161 of Plaintiffs' Complaint.

161. State Defendants deny Paragraph 162 of Plaintiffs' Complaint.

WHEREFORE, the State Defendants pray that Count Four is denied and dismissed.

Respectfully submitted,

STATE DEFENDANTS
RHODE ISLAND DEPARTMENT OF
CORRECTIONS, PATRICIA COYNE-
FAGUE, in her official capacity of the
Director of the Rhode Island Department
of Corrections; MATTHEW KETTLE, in
his official capacity as Assistant Director
of Institutions and Operations; and
BARRY WEINER, in his official
capacity as Assistant Director of
Rehabilitation Services,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Brenda D. Baum*

Brenda D. Baum #5184
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI  02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Complaint fails to state a claim against the State Defendants upon which relief can be granted in that it fails to allege a legally sufficient factual basis for a judgment against the State Defendants.

### SECOND AFFIRMATIVE DEFENSE

At all times material to matters alleged in the Complaint, the State Defendants were in the exercise of due care and had, in good faith, duly fulfilled any and all duties owed to the Plaintiffs in this action, if, in fact, duties were owed.

### THIRD AFFIRMATIVE DEFENSE

The State Defendants have the benefit of its status as a sovereign, together with all privileges and immunities that inure to said status.

### FOURTH AFFIRMATIVE DEFENSE

The State Defendants have the benefit of all express and implied exceptions to its statutory waiver of sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

The State Defendants have the benefit of discretionary immunity.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs were injured, the State Defendants allege that Plaintiffs or one other than State Defendants were negligent in the manner set forth in the Complaint and negligently conducted themselves in a manner so as to result in the injury. Said negligent conduct of the Plaintiffs or one other than State Defendants proximately caused and contributed to said accident, injuries and damages, if any alleged by Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants plead immunity under the Eleventh Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

The State Defendants have the benefit of absolute immunity.

## NINTH AFFIRMATIVE DEFENSE

State Defendants have the benefit of qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

State Defendants deny that Plaintiffs or a purported class of plaintiffs have been deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Rhode Island.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs failed to exhaust their administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

Federal judicial oversight of the RI DOC would be impractical and unmanageable and enforcement of federal judicial directives would be unfairly and unjustifiably expensive, burdensome and restrictive on the exercise of discretion and judgment by State Officials.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' particular use of so-called "national standards" or professional standards" is unjustified and invalid. Such "national" or "professional" standards do not measure the scope of Constitutional rights or compliance/violation thereof, and in many instances are not even "standards" within the accepted meaning of that term. The use of "comparable" data and "national" or "professional" goals, under the guise of "standards," will not result in a meaningful comparison of relevant, trustworthy data, and does not contribute to an understanding of the facts and events that are unique to each individual housed at the RI DOC.

## FOURTEENTH AFFIRMATIVE DEFENSE

The so-called "national" standards referred to by Plaintiffs – cannot be used as a comparison or standard as it is not comparable due to varying state definitions, operational

practices, the role of the RI DOC, data collecting systems, monitoring systems and reporting practices.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Lack of actual current case or controversy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants assert estoppel and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants plead mootness.

## NINTEENTH AFFIRMATIVE DEFENSE

The Defendants plead lack of case or controversy.

## TWENTIETH  AFFIRMATIVE DEFENSE

Lack of standing and/or failure to satisfy or be representative of the class as defined.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants plead statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Corrections officials must be permitted to take appropriate action to ensure the safety of inmates and corrections, preserve internal order and discipline and to maintain institutional security.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to satisfy the threshold requirements for claims under the ADA or the Rehabilitation Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs, if they were qualified individuals did not request a reasonable or necessary accommodation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' requested relief and/or modification would constitute a fundamental alteration and/or undue hardship.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

State Defendants plead res judicata and/or collateral estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

State Defendants plead 42 USC §1997e and 18 USC §3626.

WHEREFORE, State Defendants pray that judgment is issued, this case dismissed and the court order whatever other relief it deems just.

## THE STATE DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted,

STATE DEFENDANTS
RHODE ISLAND DEPARTMENT OF
CORRECTIONS, PATRICIA COYNE-
FAGUE, in her official capacity of the
Director of the Rhode Island Department
of Corrections; MATTHEW KETTLE, in
his official capacity as Assistant Director
of Institutions and Operations; and
BARRY WEINER, in his official
capacity as Assistant Director of
Rehabilitation Services,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Brenda D. Baum*

Brenda D. Baum #5184
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

## CERTIFICATION

I hereby certify that on this 13th day of January 2020, the within document was electronically filed and served on all counsel of record via the ECF system and it is available for viewing and downloading.

Anne M. Mulready, Esq.
Brian Adae, Esq.
Amy Fettig, Esq.
Lauren Kuhlik, Esq.

*/s/ Brenda D. Baum*