UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE LIBERTY, JOHN DAPONTE, JOHN DAVIS, DUANE GOMES, ADAM HANRAHAN and CHARLES KENNER, on behalf of themselves and all others similarly situated; and DISABILITY RIGHTS RHODE ISLAND, on behalf of its constituents,<br><br>*Plaintiffs,*<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF CORRECTIONS; PATRICIA COYNE-FAGUE, in her official capacity as the Director of the Rhode Island Department of Corrections; MATTHEW KETTLE, in his official capacity as Assistant Director of Institutions and Operations; and BARRY WEINER, in his official capacity as Assistant Director of Rehabilitation Services<br><br>*Defendants.* | C.A. No. 19-cv-0573-JJM-PAS |

## STIPULATED PROTECTIVE ORDER

Upon review of the parties' Joint Motion and proposed Stipulated Protective Order, IT IS ORDERED that the Joint Motion for Entry of Stipulated Protective Order is granted, and the parties' stipulated protective order is entered below.

As used herein, the following definitions apply.

"COUNSEL" means the attorneys of record, attorneys in the firm, department or entity of the attorneys of record, paralegals, legal assistants, support staff, interns, consultants, who are assisting attorneys of record in the preparation or trial of this action, IT consultants, and a vendor (i.e. copy business, IT assistance, etc.) that are necessary to assist the Defendants or Plaintiffs to gather and produce the confidential information.

1

"LITIGATION" means this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation.

"PRISONER" means a person incarcerated by the Rhode Island Department of Corrections (RIDOC), including individuals who have been sentenced and those detained pretrial or presentencing.

1. All protected health information and security information produced in discovery in this action shall be regarded as confidential information and subject to this Protective Order. For the purpose of this Protective Order, the term "confidential information" for use only in this litigation shall refer to documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, written summaries or written descriptions of such material that contains such information in any medium or format. "Protected health information" is defined by the Health Insurance Portability and Accountability Act, 45 CFR §160.103 and includes information covered by R.I. Stat. §5-37.3-3(3) and any other applicable law or regulation. The term "security information" refers to all documents that would threaten the safety and/or security of a person or institution or the ability to manage the facility or RIDOC if disclosed without protective conditions, which shall be identified pursuant to Provision 14. If such information that is identified by Defendants as "security information" is produced in this litigation it shall be limited to production and review by counsel and expert witnesses and is not to be shared with prisoner Plaintiffs or former or future prisoners in any format or medium, except as otherwise set forth in this Order. Nothing in this protective order waives the Defendants' and/or Plaintiffs' right to object to the production of information in any format or medium that may affect or impair the security, the integrity of the security or administration of the RIDOC, any employee, representative or agent of RIDOC, any present, former or future prisoner or visitor or for any other basis set forth in the Federal Rules of Civil Procedure or common law.

2. Any party may designate material as confidential information. The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order."

3. If any party objects to any specific document being labeled "Confidential Information" the parties shall confer regarding the status of that document. If the parties cannot reach a resolution, the issue shall be brought to the attention of the Court to determine whether the document should be kept confidential as described in the "Protective Order." The document shall be treated as confidential pending a ruling from the Court.

4. Any confidential information filed with the Court shall be filed with a motion to file under seal. Upon failure of the filing party to file confidential information under seal, any party may move the Court to place the document under seal. The procedures of Local Rule 102 shall be followed.

5a. Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, except to counsel, Plaintiff Disability Rights Rhode Island and expert witnesses for the preparation and trial of this action, and except as otherwise set forth in this Order. All others, aside from counsel, must first read and sign the attached acknowledgement before receiving any materials subject to this Order.

b. Except as authorized in the following sub-paragraphs c. and d., confidential information respecting one prisoner shall not be disclosed to or discussed with any present or former prisoner except after order of the Court or consent of opposing counsel. Confidential information relating to a Plaintiff prisoner and designated by the Defendants as "for counsel only" shall be limited to review or disclosure to counsel, Plaintiff Disability Rights Rhode Island, and expert witnesses and shall not be provided to any other

3

individual, including but not limited to Plaintiff prisoners, in any medium or format.

c. Confidential information regarding the six named Plaintiffs and any future named Plaintiff(s) may only be produced to counsel.

d. Confidential information may be shown to and reviewed by a prisoner in this matter only if:

 i. The confidential information is material contained in the respective-prisoner's medical records and is written by the respective prisoner, or written by a non-prisoner and does not contain any written or verbal statements made by or concerning any other prisoner, or security information; or

 ii. The Plaintiff is the originator of the confidential information (i.e., a written statement by that prisoner) and that it has not been designated as "for counsel only".

6. Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a. Counsel

b. The Court and court personnel;

c. Stenographic and videographic reporters engaged in such proceedings;

d. All experts and consultants retained by the parties;

Witnesses to whom confidential information may otherwise be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Current or former prisoners who are witnesses shall not be provided with information, including but not limited to in preparation for or during a deposition that relate or refer to any other prisoner or have been designated security information under this Protective Order. Plaintiffs' counsel

4

must notify Defendants' counsel in writing seven (7) days prior to the scheduled deposition the confidential security information it intends or may inquire, discuss, question, etc. a witness during a deposition to permit the Defendant's counsel the opportunity to seek a protective order in advance of the deposition. Nothing in this order precludes a party from seeking a protective order prohibiting the disclosure of confidential information during a deposition. Such witnesses may not leave the deposition with copies of any confidential information;

e. Any person who had pre-litigation access to information now deemed confidential pursuant to the Protective Order shall be bound by the terms and conditions of this Protective Order as of its date; and

f. Any person expressly named and agreed to in writing by counsel for the parties.

7. Before being given access to confidential information received from an opposing party, each qualified person listed in Provision 6 (other than counsel, the Court, and Court personnel) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on the record in deposition or in open Court or in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A hereto. Unless such an agreement is made on the record, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court. Counsel shall maintain a list of all qualified persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court and opposing counsel by order of the Court. Nothing herein waives the rights of the Plaintiffs or Defendants from objecting to the production of the names of specific individuals listed to opposing counsel on grounds of privilege or the Federal Rules of Civil Procedure.

8. Except to the extent otherwise permitted by this Protective Order, every qualified person

provided copies of or access to confidential information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order. That counsel shall, upon request by opposing counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of counsel's knowledge, been returned as required.

9. If any counsel distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel at the completion of a qualified person's consultation or representation in this case. That counsel shall, upon request by opposing counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of counsel's knowledge, been returned as required. For court filings and work product, this Protective Order will continue to govern such material.

10. After the termination of this litigation by entry of a final judgment or order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding. The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction). The terms of this Protective Order may be enforced by specific performance in any court of competent jurisdiction. Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by

the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation. This Provision does not require the destruction of any court filings or any work product, even if such documents include confidential information. That counsel shall, upon request by opposing counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of counsel's knowledge, been destroyed as required.

11. Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential information to which they have access in the normal course of their official duties. Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents. The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the right of Defendants to utilize such information in the ordinary course of operation of the correctional institutions of the State, and in the provision of care and custody to prisoners confined in such institutions.

12. If a party inadvertently produces confidential information without the required label, the producing party shall inform the receiving party in writing and shall identify the specific material at issue immediately upon discovering the inadvertent omission. Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing and the specific material at issue upon discovering the failure to label the information. Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the

document shall not be treated as confidential information.

13. If a receiving party contends that any document has been erroneously or improperly designated confidential, it shall treat the document as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

14. The following procedures and limitations shall apply with respect to security information:

a. Defendants shall notify counsel for Plaintiffs of documents, or categories of documents, that contain security information which Defendants have declined to produce or have redacted.

b. If, in the view of the Defendants, there are documents that contain security information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former prisoner or staff member), Defendants may redact such information prior to providing copies of the documents to Plaintiffs' counsel, and shall notify Plaintiffs' counsel of the nature of the redacted information.

c. If, in the judgment of Plaintiffs' counsel, any redacted material or any material which Defendants declined to produce is necessary for the conduct of this litigation, the documents containing such information will be expeditiously presented to the Court pursuant to Fed. R. Civ. P. 37 and applicable Local Rules for an in camera review to determine whether and to what extent such information must be disclosed under a protective order.

d. The production of documents, including but not limited to security information is to be governed by the Federal Rules of Civil Procedure, Local Rule and any order of the District Court.

15. A party producing confidential information that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.

16. This Protective Order shall be binding on the parties, any third parties that agree to be

bound by this Protective Order, attorneys of any party or third party to this Protective Order, and the parties', third parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control. Should a third party refuse to be bound by this Protective Order, they may not receive, review, be advised or informed in any medium or format of any confidential information.

17. Nothing in this Protective Order waives any objection related to any material.

18. The provisions of this order are without prejudice to the right of any party: a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

19. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, rule or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, rule, law, or regulation.

20. This order does not govern trial or other legal proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

21. The provisions of this order shall remain in full force and effect until further order of this Court.

Dated this      day of_____, 2020

                                                                       BY THE COURT

                                                                       _____

                                                                       John J. McConnell, Jr.
                                                                       Chief Judge
                                                                       United States District Court

# EXHIBIT A

I,_____, have read the Protective Order in *Liberty v. Rhode Island Department of Corrections*, Docket No. 1:19-CV-00573-WES-PAS. I understand and agree to be bound by and abide by its terms. I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Plaintiffs' counsel immediately upon completion of any work performed by me. I further consent to be subject to the jurisdiction of the United States District Court for the District of Rhode Island for the purposes of any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt.

Date:	_____
	Signature

	_____
	Printed Name