UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, JOHN DAPONTE, )
JOHN DAVIS, DUANE GOMES, ADAM )
HANRAHAN, and CHARLES KENNER, )
on behalf of themselves and all others )
similarly situated; and )
DISABILITY RIGHTS RHODE ISLAND, )
on behalf of its constituents, )
)
                              Plaintiffs, )
      v. )
)    C.A. No. 19-cv-0573-JJM-PAS
)
RHODE ISLAND DEPARTMENT OF )
CORRECTIONS; )
PATRICIA COYNE-FAGUE, )
in her official capacity as the Director of the )
Rhode Island Department of Corrections; )
MATTHEW KETTLE, in his official capacity as )
Assistant Director of Institutions and Operations; )
And BARRY WEINER, in his official capacity as )
Assistant Director of Rehabilitation Services, )
)
                              Defendants. )
)

## PROTECTIVE ORDER

The parties have requested an order for the protection of confidential information that may be produced or otherwise disclosed by them or by others during the course of this action. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of the parties, good cause having been shown, IT IS HEREBY ORDERED AND AGREED AS FOLLOWS:

    1.    <u>Scope</u>.    All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

    2.    <u>Confidential Information</u>. "Confidential Information" shall mean any information

1

that constitutes or contains private, personal information, including but not limited to protected health information as defined by the Health Insurance Portability and Accountability Act, 45 C.F.R § 160.103, information protected pursuant to Fed. R. Civ. P. 5.2 and LR Gen 102, as well as information that implicates concerns for security, classification and limited correctional administration and is not already in the public domain or publicly available.  Should a party believe that information should not be designated as "confidential," they may raise this issue before the District Court on a document or category basis as set forth below.

3. Designation as "Confidential".

a. General.  Prior to designating any information "Confidential," the designating person must make a good faith determination that the information in fact constitutes or contains "Confidential Information."  Information in any form -- including but not limited to documents, physical items, written or recorded matter, electronic media, written discovery requests and responses, and oral testimony -- may be designated as "Confidential."  Any copies, portions, notes, summaries, analyses, or excerpts of information designated as "Confidential" shall be treated as having been designated "Confidential" under this Order.

b. Designation by Marking or by Letter.  A person may designate information as "Confidential" by marking such information as "Confidential."

c. Deposition Testimony.  A person may designate deposition testimony as "Confidential" by so stating on the record prior to the confidential testimony, if practicable, or as soon after such testimony as is feasible.  A person shall have a period of fifteen (15) days after the receipt of the transcript of any deposition to notify all parties and the deponent in writing of any additional portions of such deposition containing confidential information.  With such notification, the designating person shall include a separate piece of paper that identifies the

portions of the transcript containing "Confidential Information," so that the piece of paper may be affixed to all copies of the transcript. Until expiration of the fifteen (15) day period, the entire deposition will be treated as having been designated as "Confidential" under this Order.

        d.        <u>Failure to Designate</u>. If a person inadvertently produces any information that it deems to be "Confidential Information" without designating it as "Confidential," that person shall promptly upon discovery of the failure to designate inform all counsel in writing and the counsel and parties shall thereafter treat the information as "Confidential" under this Order. To the extent such information was disclosed to persons other than authorized persons described in this Order, the parties who made such disclosure shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

        e.        <u>Designation as "Attorneys' and Experts Only"</u>. Materials designated as "Confidential" may also be designated as "Attorneys' and Experts Only," and disclosure of the information contained therein shall be restricted solely to individuals included within categories (i)-(iii) and (v) of paragraph 6(a) below.

        4.        <u>Non-Party Discovery</u>. Discovery of non-parties to this action may involve the receipt of "Confidential Information." A non-party producing "Confidential Information" in this case may designate any such information it produces as "Confidential" in accordance with this Order. Without regard to whether the non-party designates its production as "Confidential," all information produced by non-parties shall be deemed to have been designated "Confidential" for a period of fifteen (15) days from production, during which time any party may in good faith designate as "Confidential" any or all of such information, whether or not the producing non-party has also so designated. All such information designated as "Confidential" shall be

governed by the terms of this Order.

5. <u>Use of Information Designated as Confidential</u>.  Any information designated as "Confidential" in this action, including any copies, portions, notes, summaries, analyses, or excerpts thereof, shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business or an improper purpose, and shall not be disclosed to any person who is not authorized to receive such information as provided herein.  Nothing in this Order shall prevent any person from using any "Confidential Information" rightfully maintained by that person in any manner that person deems appropriate permitted by law.

6. <u>Permissible Disclosure of Information Designated as Confidential</u>.

a. <u>Access</u>.  Access to and disclosure of information designated as "Confidential" shall be restricted solely to:

(i) The attorneys working on this case (including in-house counsel) and their support staff;

(ii) The Court and its staff, including court reporters;

(iii) Stenographers involved in transcribing depositions;

(iv) (A) Plaintiff Disability Rights Rhode Island and its employees.  DRRI shall certify that the DRRI's employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(B) Defendants Rhode Island Department of Corrections, Director Coyne-Fague, Assistant Director Kettle and Assistant Director and its employees. Nothing herein shall pertain or restrict the use of records of the R.I. Department of Corrections in the administration of its usual business and

administration of the agency. For non-DOC records deemed confidential, Defendants shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(C) Plaintiff Named Inmates shall be entitled to receive the medical records retained in their Electronic Medical Record ("EMR") that have not been designated as "Attorneys and Experts Only" and documents that they have authored. Should counsel wish to show or convey in any format or medium any other information that has been designated Confidential to a Named Plaintiff Inmate, notice of such proposed disclosure must be given in writing to Defendants' counsel no later than ten (10) days prior to disclosure. No later than seven (7) days after receipt of the notice of intent to disclose, Defendants' counsel shall provide their position to Plaintiffs' counsel. If the Defendants object to disclosure and the parties cannot reach agreement through a meet and confer, each party will submit a letter brief of no more than three pages to the court within five business days of the end of the meet and confer.

(v) Consultants or experts retained specifically for this case, subject to paragraphs 6(b)(i) and 6(b)(ii) below;

(vi) Any person that counsel for a party desiring disclosure believes in good faith to be a potential witness or deponent, to the extent such disclosure is necessary for the preparation or trial of this action, subject to paragraphs 6(b)(i) and 6(b)(ii) below; provided, however, that no later than ten (10) days prior to disclosure pursuant to this

paragraph 6(a)(vi), the party desiring disclosure shall notify the designating person in writing of the planned disclosure. Provided that the designating person serves, within five (5) days of receipt of such notice, a motion to prohibit disclosure on the ground that the person to whom disclosure is sought to be made cannot in good faith be considered a potential witness or deponent, such disclosure cannot in good faith be considered necessary for the preparation or trial of this action or disclosure to the individual would constitute a security risk, there shall be no disclosure of the information designated as "Confidential," pending a ruling by the Court on that motion. The timeframes in this paragraph can be extended by mutual agreement of the parties; and

  (vii) Any person agreed to in writing by the parties.

b. <u>Prerequisites to Disclosure to Certain Persons</u>.

  (i) Prior to disclosing any information designated as "Confidential" to any person listed in paragraphs 6(a)(iv)-6(a)(vii) above, counsel for the party desiring such disclosure shall ensure that such person has received a copy of this Order and has executed a Confidentiality Certificate in the form attached hereto as <u>Exhibit A</u>. Counsel for the party desiring such disclosure shall hold such signed Confidentiality Certificate until the conclusion of this action.

  (ii) Prior to disclosing any information designated as "Confidential" to any person listed in paragraphs 6(a)(iv) and 6(a)(vii) above who is known by the party desiring such disclosure to be an employee or agent of, or consultant to the designating person, the party desiring disclosure shall, prior to such disclosure, notify the designating person in writing of the planned disclosure. If the designating person believes it would be injured or prejudiced by such disclosure, it may object, in writing and within five (5)

days of receiving such notification. If the designating person and party desiring disclosure are unable to resolve a dispute arising from such an objection, the designating person may apply to the Court for an order barring disclosure of information designated as "Confidential" to the objectionable individual or business, or for other appropriate relief. Provided that the designating person serves its application to the Court within ten (10) days after submitting its written objection (or any longer period agreed to by the parties in writing), there shall be no disclosure of the information designated as "Confidential" to any objectionable person or business, pending a ruling by the Court.

  c. <u>Filing or Disclosure at Hearing or Trial</u>. In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in LR Gen 109 and LR Cv 7, or such other rule or procedure as may apply. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the

permission of the court after proper motion pursuant to LR Gen 102 and LR Cv 7.

7. <u>Challenges to Designation of Confidentiality</u>. The burden of proving that information is "Confidential Information" within the meaning of this Order is on the person who designates the information as "Confidential." If any party disagrees with the "Confidential" designation of any information, the disagreeing party shall request in writing justification for the designation. The justification shall be provided within five business days of the objection. Upon receipt of the justification, if there is a dispute as to whether the material is properly considered confidential, the non-designating party may request a meet and confer, which shall occur within five business days of the request. If the parties cannot resolve the dispute, each party will submit a letter brief of no more than three pages to the court within five business days of the end of the meet and confer. While such an application is pending, the materials or testimony in question shall be treated as confidential pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any materials or testimony validly constitutes confidential information, which burden remains on the party that designates such materials or testimony as confidential. A person shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

8. <u>Inadvertent Production</u>. Consistent with and without limitation to the protections provided by Federal Rule of Civil Procedure 26(b)(5), the following terms shall control any inadvertent disclosure of materials protected by privilege, confidentiality, or other protective doctrine or any inadvertent failure to designate any materials as "confidential":

a. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as privileged information SHALL

NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document. Nor shall the inadvertent failure to designate any document as "confidential" be deemed a waiver of that party's right to designate such document as confidential.

  b. Any documents that a party deems to contain inadvertently disclosed privileged information shall be, upon written request by the party, promptly returned to the requesting party or destroyed at the party's option. This includes all copies, electronic or otherwise, of any such documents. The document asserted as privileged shall be documented in a privilege log in accordance with the Federal Rules of Civil Procedure. In the event that the requesting party requests destruction, the other party shall provide written certification of compliance within thirty (30) days of such written request and shall not use any such document in any proceeding, including depositions, or otherwise disclose such documents to any person during this thirty-day period.

  c. If privileged information is disclosed through inadvertence or otherwise to any person not authorized by to receive such disclosure, the party that inadvertently disclosed the information shall immediately inform the other party of such disclosure, inform the person receiving the privileged information that the information is covered by this Order, and make best efforts to retrieve the privileged information, keeping the other party apprised of the status and results of such efforts.

  d. Any privileged information inadvertently disclosed by party shall be and remain the property of that party.

  9. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of information designated as "Confidential" that a party

has obtained under the terms of this order, such party shall promptly notify the designating party of the pendency of such subpoena or order.

10. <u>No Effect on Admissibility</u>. Nothing in this Order is intended to determine or affect the admissibility of any information in this action.

11. <u>Return or Destruction of Information Designated as "Confidential"</u>. Within forty-five (45) days after termination of this action including any appeal, all information designated as "Confidential" shall be returned to the designating party or, at the option of the designating party, destroyed. Notwithstanding the foregoing, counsel of record may maintain, within its own internal files, copies of the court papers, transcripts, and exhibits introduced at trial, and counsel's notes and other work product. All counsel of record shall make written certification of compliance herewith and shall deliver the same to counsel for the designating party simultaneously with the return of all information contemplated hereby.

12. <u>Non-Termination</u>. This Order shall survive the final determination of this action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and over any other person bound by this Order, to enforce this Order.

13. <u>Sanctions and Damages</u>. Any person subject to this Order who violates its provisions shall be subject to such penalties as may be imposed by the Court on account of such violation.

Dated this  21  day of  July , 2020

BY THE COURT

_____
Patricia A. Sullivan
Magistrate Judge
United States District Court for
the District of Rhode Island

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE LIBERTY, JOHN DAPONTE, JOHN DAVIS, DUANE GOMES, ADAM HANRAHAN, and CHARLES KENNER, on behalf of themselves and all others similarly situated; and DISABILITY RIGHTS RHODE ISLAND, on behalf of its constituents,<br><br>Plaintiffs,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF CORRECTIONS; PATRICIA COYNE-FAGUE, in her official capacity as the Director of the Rhode Island Department of Corrections; MATTHEW KETTLE, in his official capacity as Assistant Director of Institutions and Operations; And BARRY WEINER, in his official capacity as Assistant Director of Rehabilitation Services,<br><br>Defendants. | C.A. No. 19-cv-0573-JJM-PAS |

## CONFIDENTIALITY CERTIFICATE

I certify my understanding that access to materials designated as "Confidential" is provided to me pursuant to the terms and restrictions of an Agreed Confidentiality Order entered by the Court on [month], [day] [year] (the "Confidentiality Order"). I certify that I have been given a copy of, and have read, the Confidentiality Order and agree to comply with its terms. I understand that the contents of any information designated "Confidential," and any copies, portions, notes, summaries, analyses, or excerpts of such information, shall not be disclosed to anyone other than in accordance with the Confidentiality Order and shall be used only for the purposes set forth in the Confidentiality Order.

I agree to be subject to the jurisdiction of this Court for the purposes of enforcement of this Confidentiality Certificate and the Confidentiality Order.

By:

Title:

Representing:

Date: