UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, JOHN DAPONTE,
JOHN DAVIS, DUANE GOMES,
ADAM HANRAHAN, and CHARLES KENNER,
on behalf of themselves and all others
similarly situated; and
DISABILITY RIGHTS RHODE ISLAND,
on behalf of its constituents,

                                                                                                                                 C.A. No. 19-cv-0573-JJM-PAS

*Plaintiffs,*

        v.

RHODE ISLAND DEPARTMENT OF
CORRECTIONS;
PATRICIA COYNE-FAGUE,
in her official capacity as the Director of the
Rhode Island Department of Corrections;
MATTHEW KETTLE, in his official capacity as
Assistant Director of Institutions and Operations; and
BARRY WEINER, in his official capacity as
Assistant Director of Rehabilitation Services,

*Defendants.*

## PLAINTIFFS' MOTION TO COMPEL INSPECTION

Pursuant to Federal Rules of Civil Procedure 26, 34(a)(2), and 37, and D.R.I. Local Rules Cv 26, 34, and 37, individual plaintiffs Charlene Liberty, John DaPonte, John Davis, Duane Gomes, Adam Hanrahan, and Charles Kenner ("Individual Plaintiffs") and Disability Rights Rhode Island ("DRRI") (collectively referred to as "Plaintiffs") move to compel Defendants Rhode Island Department of Corrections ("RIDOC"), Patricia Coyne-Fague, Matthew Kettle, and Barry Weiner (collectively referred to as "Defendants") to allow Plaintiffs' experts (two

highly regarded professionals in the correctional medical and security fields) and counsel to inspect and photograph certain Rhode Island Department of Corrections ("RIDOC") detention and correctional facilities and operations, confer with staff and incarcerated persons (mindful of security concerns and individual privacy concerns), and review limited number of documents on mutually agreed upon dates in response to Plaintiffs' Request for Entry onto Defendants' Premises for Inspection and Testing ("Plaintiffs' Inspection Request").[1]  As reasons therefore, Plaintiffs state that the information sought is relevant to Plaintiffs' claims and proportional to the needs of the case, Defendants are the only ones with access to this information, Defendants have failed to articulate a valid legal basis for withholding such information, and the burden of producing such information is minimal, particularly compared to the importance of the life and death issues at stake in this action.  Plaintiffs also state that the limited information sought  (as well as access to confidential interviews with incarcerated people and non-confidential interviews with staff in the presence of defense counsel) is consistent with standard practice in cases challenging conditions of confinement and critical for Plaintiffs' experts to form expert opinions.  Finally, plaintiffs state that Plaintiff DRRI and its authorized agents have a statutory right of access to RIDOC facilities, people with disabilities housed therein, and records relating to such people.  In further support of their Motion, Plaintiffs rely upon, and incorporate by reference herein, the facts, arguments, and legal authority set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion to Compel Inspection.

---

[1] Plaintiff filed a Request for Entry onto Defendants' Premises for Inspection and Testing on September 16, 2021.  Defendants served their Objection to the Plaintiffs Request for Entry onto Defendants' Premises on September 22, 2021, and objected to the tour.   The parties have been unable to resolve their differences with respect to the scope of the inspection despite participating in two meet and confer sessions.  Most recently, Plaintiffs' have proposed the following tour dates: May 16-18, or June 1-3, 2022.

WHEREFORE, Plaintiffs respectfully move that the Court grant the Motion to Compel Inspection and Order that Plaintiffs' experts be permitted to conduct their inspection of RIDOC detention and correctional facilities according to the terms set forth in Plaintiffs' Inspection Request, including by having the ability to talk confidentially with incarcerated people, talk with staff members in the presence of Defendants' counsel, review documents, and visit the parts of the facilities set out in the Request.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs hereby request oral argument on their Motion to Compel Inspection pursuant to Local Rule Cv 7(c).  Plaintiffs estimate no more than one hour will be necessary.

Respectfully submitted,
By their attorneys,

/s/*Maria V. Morris*
Maria V. Morris (D.C. Bar No. 1697904)
*Admitted Pro Hac Vice*
Tammie Gregg (MN Bar No. 262420)
*Admitted Pro Hac Vice*
ACLU NATIONAL PRISON PROJECT
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005-2302
Telephone: (202) 548-6618
Facsimile: (202) 393-4931
Email: mmorris@aclu.org
tgregg@aclu.org

/s/ *Anne M. Mulready*
Anne M. Mulready (RI Bar No. 4738)
Brian Adae (RI Bar No. 2536)
DISABILITY RIGHTS RHODE ISLAND
33 Broad St., Suite 601
Providence, RI 02903
Telephone: (401) 831-3150
Facsimile: (401) 274-5568
Email:  amulready@drri.org
badae@drri.org

3

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk (RI Bar No. 7461)
James S. Rollins (MA Bar No. 569422)
*Admitted Pro Hac Vice*
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: (617) 417-4700
Facsimile: (617) 217-4751
Email:
Patrick.uiterwyk@nelsonmullins.com
James.rollins@nelsonmullins.com

Dated: March 15, 2022                **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, the foregoing Plaintiffs' was sent by mail and electronically to counsel of record at the following addresses:

Brenda Baum
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903
Email: bbaum@riag.ri.gov

Rebecca Partington
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
Email: rebecca@desistolaw.com

Marc DeSisto
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
Email: marc@desistolaw.com

By:  *Maria V. Morris*