UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, JOHN DAPONTE,
JOHN DAVIS, DUANE GOMES,
ADAM HANRAHAN, and CHARLES KENNER,
on behalf of themselves and all others
similarly situated; and
DISABILITY RIGHTS RHODE ISLAND,
on behalf of its constituents,

C.A. No. 19-cv-0573-JJM-PAS

*Plaintiffs,*

v.

RHODE ISLAND DEPARTMENT OF
CORRECTIONS;
PATRICIA COYNE-FAGUE,
in her official capacity as the Director of the
Rhode Island Department of Corrections;
MATTHEW KETTLE, in his official capacity as
Assistant Director of Institutions and Operations; and
BARRY WEINER, in his official capacity as
Assistant Director of Rehabilitation Services,

*Defendants.*

## PLAINTIFFS' REQUEST FOR ENTRY
## ONTO DEFENDANTS' PREMISES FOR INSPECTION AND TESTING

Pursuant to Federal Rules of Civil Procedure 26 and 34(a)(2), individual plaintiffs Charlene Liberty, John Daponte, John Davis, Duane Gomes, Adam Hanrahan, and Charles Kerner ("INDIVIDUAL PLAINTIFFS") and Disability Rights Rhode Island ("DRRI") (collectively referred to as "PLAINTIFFS") request that Defendants allow PLAINTIFFS' COUNSEL and plaintiffs' experts to inspect and photograph certain Rhode Island Department of

Corrections ("RIDOC") detention and correctional facilities and operations, and confer with staff and incarcerated persons on the previously agreed upon dates provided herein.

Incarcerated Plaintiffs' experts are as follows:

1. Dr. Jeffrey Metzner; and

2. Professor Martin Horn.

For purposes of this request, INSPECT means to physically walk through, observe, and photograph RIDOC detention and correctional facilities, including but not limited to: RESTRICTIVE HOUSING, RESTRICTIVE HOUSING UNITS, the RESIDENTIAL TREATMENT UNIT ("RTU"), clinical space available for medical and mental health care; medication lines; housing available in the ISOLATION units; intake or screening areas; infirmaries and other inpatient facilities; a sample of general population and ISOLATION cells; cells in which INCARCERATED PERSONS are housed during Constant Observation, Crisis Management Status, or Psychological Observation; all areas in which INCARCERATED PERSONS are housed during Constant Observation, Crisis Management Status, or Psychological Observation; and all areas to which INCARCERATED PERSONS in ISOLATION are taken or have access, including but not limited to exercise enclosures, counseling/programming areas or offices, visiting areas, law libraries, and suicide watch areas. The term INSPECT also means to confer with and interview MENTAL HEALTH CARE STAFF and CORRECTIONAL STAFF, as well as to confidentially meet with INCARCERATED PERSONS, to discover information regarding the provision of MENTAL HEALTH CARE to incarcerated persons and CONDITIONS OF CONFINEMENT in ISOLATION.

The term "INSPECT" further means to review documents or records, including: mental health needs requests received; grievances received related to the provision of mental health

care or the conditions of confinement in ISOLATION; incident reports; logbooks relating to INCARCERATED PERSONS' movement and activities within ISOLATION units; logbooks relating to the MENTAL HEALTH CARE of INCARCERATED PERSONS; and for each facility, a list of all RIDOC INCARCERATED PERSONS who fit the below criteria, and a subset of these INCARCERATED PERSONS' records will be selected for review:

    a. INCARCERATED PERSONS who currently are prescribed psychotropic medications, including for each incarcerated person the mental health diagnoses and the medications and dosages;

    b. INCARCERATED PERSONS who currently are on the mental health caseload, INCLUDING for each incarcerated person the mental health diagnoses;

    c. INCARCERATED PERSONS in ISOLATION who have mental health diagnoses, INCLUDING for each incarcerated person the mental health diagnoses;

    d. INCARCERATED PERSONS who were placed on Constant Observation, Crisis Management Status, or Psychological Observation in the last year;

    e. INCARCERATED PERSONS who were admitted to outside hospitals and emergency rooms in last two years as a result of self-harm;

    f. INCARCERATED PERSONS who were admitted to any inpatient mental health facility in the last two years;

    g. Documents listing the duration of ISOLATION for INCARCERATED PERSONS.

Other records of selected incarcerated persons will also be inspected. To enable review

3

of electronic medical records, Plaintiffs request that Defendants make available a computer on which medical records can be reviewed and a person who can operate the electronic medical record system.

Therefore, Incarcerated Plaintiffs' request that subject to the above and following definitions, Defendants allow PLAINTIFFS' COUNSEL and Plaintiffs' experts to INSPECT the following RIDOC detention and correctional facilities on the Pastore Government Center Complex in Cranston, Rhode Island, and confer with staff and incarcerated persons on September 28, 29, and 30, 2021, from 8:00 AM to 5:00 PM:

1. The Anthony P. Travisono Intake Service Center (ISC);
2. The Gloria McDonald Awaiting Trial Medium Security Facility;
3. The High Security Center (HSC);
4. The Maximum Security facility;
5. The John J. Moran Medium Security Facility; and
6. The Minimum Security facility.

## DEFINITIONS

1. "RIDOC" means the Rhode Island Department of Corrections, including all of its subdivisions, agents, employees, contractors, and attorneys.

2. "ADMINISTRATIVE DETENTION" is used herein as it is used in RIDOC Policy and Procedure 12.27.

3. "ADMINISTRATIVE RESTRICTIVE STATUS" is used herein as it is used in RIDOC Policy and Procedure 12.27.

4. "CORRECTIONAL STAFF" means staff employed or paid by RIDOC to serve in a security or operational capacity.

5. "ISOLATION" means confinement in RESTRICTIVE HOUSING and

RESTRICTIVE HOUSING UNITS.

6. "MENTAL HEALTH CARE" means the provision of care or services, to IDENTIFY and/or address the mental health needs of a INCARCERATED PERSONS, whether those needs arise as a result of injury, illness, disease, or other trauma, or care or services provided for diagnostic or preventive purposes.

7. "MENTAL HEALTH CARE STAFF" means all staff employed or paid by RIDOC, locum tenens contractors, or specialty contractors (other than correctional staff) who are responsible for providing MENTAL HEALTH CARE to RIDOC INCARCERATED PERSONS, including but not limited to MENTAL HEALTH CARE clinicians, social workers, mid-level practitioners, entry-level practitioners, other practitioners, pharmacists, and administrative and support staff.

8. "INCARCERATED PERSON" means a person incarcerated by RIDOC, including individuals who have been sentenced and those detained pretrial or presentencing.

9. "PLAINTFFS' COUNSEL" means legal counsel and retained experts for PLAINTIFFS and agents acting on their behalf.

10. The "RESIDENTIAL TREATMENT UNIT" or "RTU" shall have the same meaning as in RIDOC POLICY 12.27, "CONDITIONS OF CONFINEMENT" and means the unit into which INCARCERATED PERSONS or detainees with SPMI are placed under that policy.

11. "ISOLATION" means confinement in RESTRICTIVE HOUSING or RESTRICTIVE HOUSING UNIT.

12. "RESTRICTIVE HOUSING" means "Any type of detention that involves removal of an inmate from general population, voluntarily or involuntarily; placement in a locked room or cell, whether alone or with another inmate; and the inability to leave the room or cell for the vast majority of the day, typically 22 hours or more" regardless of whether the individual is confined in a facility dedicated to this purpose, a separate unit within a facility, or a

cell within a general population unit.

13.     "RESTRICTIVE HOUSING UNIT" means any unit in which at least one INCARCERATED PERSON is confined in RESTRICTIVE HOUSING, regardless of whether the unit is designated for that purpose including, by way of example only, all classifications such as ADMINISTATIVE DETENTION, ADMINISTATIVE RESTRICTIVE STATUS, and TRANSITIONAL CONFINEMENT.

14.     "SEVERE AND PERSISTENT MENTAL ILLNESS" or "SPMI" has the same definition as that used by RIDOC and includes those conditions affecting individuals eighteen years of age or older who have been diagnosed with a mental illness such as schizoaffective disorder, schizophrenia, other specified schizophrenia spectrum and other psychotic disorders, bipolar disorder(s), delusional disorder, major depressive disorder, panic disorder, agoraphobia, post-traumatic stress disorder, obsessive-compulsive disorder, and borderline personality disorder.

15.     "TRANSITIONAL CONFINEMENT" is used herein as it is used in RIDOC Policy and Procedure 12.27.

Respectfully submitted,
By their attorneys,

/s/ Maria V. Morris
Maria V. Morris (D.C. Bar No. 1697904)
*Admitted Pro Hac Vice*
Tammie Gregg (MN Bar No. 262420)
*Admitted Pro Hac Vice*
ACLU NATIONAL PRISON PROJECT
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005-2302
Telephone: (202) 548-6618
Facsimile: (202) 393-4931
Email: mmorris@aclu.org
tgregg@aclu.org

/s/ Anne M. Mulready
Anne M. Mulready (RI Bar No. 4738)
Brian Adae (RI Bar No. 2536)
DISABILITY RIGHTS RHODE ISLAND
33 Broad St., Suite 601
Providence, RI 02903
Telephone: (401) 831-3150
Facsimile: (401) 274-5568
Email: amulready@drri.org
badae@drri.org


/s/ Patrick T. Uiterwyk
Patrick T. Uiterwyk (RI Bar No. 7461)
James S. Rollins (MA Bar No. 569422)
*Admitted Pro Hac Vice*
NELSON, MULLINS, RILEY &
SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: (617) 417-4700
Facsimile: (617) 217-4751
Email:
Patrick.uiterwyk@nelsonmullins.com
James.rollins@nelsonmullins.com

Dated: September 16, 2021   **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2021, the foregoing Plaintiffs' was sent electronically and by mail to counsel of record at the following addresses:

Brenda Baum
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903
Email: bbaum@riag.ri.gov

Rebecca Partington
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
Email: rebecca@desistolaw.com

Marc DeSisto
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
Email: marc@desistolaw.com

By: /s/ *James Rollins*