UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, JOHN DAPONTE,
JOHN DAVIS, DUANE GOMES, ADAM
HANRAHAN and CHARLES KENNER,
on behalf of themselves and all others
similarly situated; and
DISABILITY RIGHTS RHODE ISLAND,
on behalf of its constituents,
        *Plaintiffs,*

v.                                            C.A. No. 19-cv-0573-JJM-PAS

RHODE ISLAND DEPARTMENT OF
CORRECTIONS; PATRICIA COYNE-
FAGUE in her official capacity as the
Director of the Rhode Island Department of
Corrections; MATTHEW KETTLE,
Official Capacity as the Assistant Director of
Institutions and Operations; and BARRY
WEINER in his Official Capacity as the
Assistant Director of Rehabilitation Services
        *Defendants.*

## DECLARATION OF CAITLIN BOUCHARD

    I, Caitlin Bouchard, being duly sworn, hereby makes this statement and swears it to be true
and complete and based on my own personal knowledge, to the best of my memory and belief.

1. I am the Acting Clinical Director of the Behavioral Health Services unit at the Rhode Island
   Department of Corrections ("RIDOC").

2. The primary function of the Behavioral Health services unit is to provide mental health and
   psychiatric treatment services to inmates at the Rhode Island Department of Corrections.

3. I am a licensed mental health counselor.

4. I have concerns regarding the potential risks presented by allowing inmate interviews to be
   conducted by Plaintiffs during the site visit at Rhode Island Department of Corrections.
   The patient population that would be identified for interviews would include those

designated as severely and persistently mentally ill (SPMI). This population is highly vulnerable and at risk for lacking the capacity to consent to an interview and for potentially misconstruing statements made by the Plaintiffs in a manner that could lead to behavioral disturbances and/or disrupt the ability of the clinical treatment team to provide treatment. This population can be easily triggered by psychosocial stressors, for example, an SPMI patient with a significant trauma history may be triggered by having unfamiliar people approaching their cell door. Any interviewer who is not a licensed healthcare professional would not bound by ethical rules requiring obtaining informed consent before discussing health or medical issues. Patients may become stressed either during or following an interview and may begin engaging in self-harming or disruptive behavior.

5. Past encounters with Plaintiff's attorneys with the SPMI population has led to several incidents of patients feeling confused about the nature and purpose of the interview, stressed and coerced into participating in a process they were not comfortable being a part of and patients being made promises that were not upheld, resulting in disruptions in behavior and their treatment process. Two examples of this would be the Charlene Liberty and patient I.B. Ms. Liberty reported being coached by Plaintiff's attorneys into submitting a grievance regarding her mental health treatment and into signing a release for her medical records without having full informed consent as to what she was agreeing to. Patient I.B. was made specific promises during a phone conversation with Plaintiff's attorneys. When these promises and timelines were not upheld and did not come to fruition, that patient suffered significant distress and disruption to his treatment process. Patients have reported being confused regarding the nature of interview they were engaging in with Plaintiff's attorneys- several reported agreeing to the interview thinking it was for their legal case and

not understanding what they were agreeing to participate in. All of these different factors lead me to report serious concerns about the potential risks inherent in allowing interviews with the patient population during the site visit at the Rhode Island Department of Corrections.

Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.
Executed on 8ᵗʰ day of April, 2022

Caitlin Bouchard, LMHC
Acting Clinical Director of the Behavioral Health Services