UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE LIBERTY; JOHN DAPONTE; JOHN DAVIS; DUANE GOMES; ADAM HANRAHAN; and CHARLES KENNER, on behalf of themselves and all others similarly situated; and DISABILITY RIGHTS RHODE ISLAND, on behalf of its constituents,<br>    Plaintiffs,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF CORRECTIONS; PATRICIA COYNE-FAGUE, in her official capacity as the Director of the Rhode Island Department of Corrections; MATTHEW KETTLE, in his official capacity as the Assistant Director of Institutions and Operations at the Rhode Island Department of Corrections; and BARRY WEINER, in his official capacity as the Assistant Director of Rehabilitation Services at the Rhode Island Department of Corrections,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    C.A. No. 19-573-JJM-PAS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **PUBLIC ORDER APPOINTING RULE 706 EXPERT**

JOHN J. MCCONNELL, JR., Chief United States District Judge.

    Pursuant to Federal Rule of Evidence 706, the Court, on its own Motion and having received the input of all parties, hereby appoints Dr. Daphne A. Glindmeyer of Covington, La. as an independent mental-health expert ("Expert") in this matter.

    The Expert is appointed to render relevant professional opinions to the Court pursuant to ongoing mediation proceedings. As the appointment is made through the Court's Alternative Dispute Resolution ("ADR") program, the Court's order on confidentiality of ADR proceedings

applies to the appointment.  See United States District of Rhode Island Alternative Dispute Resolution Plan § VIII at 6 (Am. Mar. 1, 2006). (http://www.rid.uscourts.gov/menu/generalinformation/adr/ADRPlan-030106.pdf).  Any documents reviewed and work performed by the Expert, including any report and related documents, shall be governed by the terms of the ADR program and shall not be made public except by order of the Court and in accordance with the principles governing mediation.

The Expert shall be compensated at a rate of $400 per hour.  All reasonable expenses incurred by the Expert in performing her duties shall be reimbursed.  The cost of the appointment shall be borne by Defendant as part of the costs of this action.

The Expert is empowered to gather or seek information as may be required on such matters as may be required by the Court.  The Expert shall be available to meet with the parties jointly, in person or virtually, in a manner that is reasonable and convenient, for the purposes outlined in Federal Rules of Evidence 706(b).  Any written communications between either of the parties and the Expert shall be copied to the other party to the litigation.  Except as provided in the accompanying sealed order, any written communication between the Expert and the Court shall be copied to all counsel of record. All such communications shall be treated as confidential in accordance with the principles governing mediation.

The Expert is authorized to conduct ex parte interviews of any Plaintiff, Plaintiff's constituents and/or correctional personnel.  All counsel shall cooperate in facilitating such interviews.

The Expert is authorized to conduct interviews of any party, its representatives, or any third party that may assist her in the performance of her duties.  If the Expert, in her discretion, determines that the interviews may be attended by counsel, all counsel shall be permitted to

attend. The Expert shall not be required to postpone such interviews to accommodate the schedule of any or all counsel of the parties.

The Expert shall periodically advise all parties, through counsel, of the interviews conducted, which shall be subject to the confidentiality of the mediation.

The Expert is authorized to obtain inmate files and Rhode Island Department of Corrections' records as part of the review. The Expert is authorized to review files and records that may not be available to either party in discovery, or which would not be produced absent a protective order. All counsel shall cooperate in facilitating production of such records or files, including, to the extent necessary, obtaining required medical releases. The parties do not waive any privilege or confidentiality asserted in this or other litigation by producing documents to the Expert.

The Expert is authorized to communicate ex parte with the Court or any party, or counsel to the party, in accordance with this Order.

The Expert is authorized to retain reasonable staff assistance necessary to effectuate the duties described herein.

Further instructions shall be provided to the Expert and parties through a Sealed Order and through the ongoing mediation proceedings. A copy of this Order will be sent to the Expert.

ENTER:  
/s/ John J. McConnell  
United States Chief Judge  
December 8, 2022

By order,  
/s/ Michael Simoncelli  
Clerk

3

AGREED TO AS TO FORM:

Attorneys for Plaintiffs:
/s/ *Brian Adae*
Brian Adae (2536)
Disability Rights Rhode Island
33 Broad Street
Suite 601
Providence, RI 02803
(401) 831-3150
badae@drri.org

/s/ *Tammi Gregg*
Tammi Gregg
*Pro Hac Vice*
ACLU National Prison Project
915 15th Street, N.W., 7th Floor
Washington, DC 20005-2302
(202) 393-4930
tgregg@aclu.org

/s/ *James Rollins*
James S. Rollins
*Pro Hac Vice*
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
617-217-4700
james.rollins@nelsonmullins.com

/s/ *Maria Morris*
Maria V. Morris
*Pro Hac Vice*
American Civil Liberties Union, National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6607
mmorris@aclu.org

Attorneys for Defendants:
/s/ *Brenda Baum*
Brenda D. Baum (5184)
Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400 x 2294
bbaum@riag.ri.gov

/s/ *Rebecca Partington*
Rebecca Tedford Partington (3890)
DeSisto Law, LLC
60 Ship Street
Providence, RI 02903
401-272-4442
rebecca@desistolaw.com