UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, JOHN DAPONTE,
JOHN DAVIS, DUANE GOMES, ADAM
HANRAHAN and CHARLES KENNER,
on behalf of themselves and all others
similarly situated; and
DISABILITY RIGHTS RHODE ISLAND,
on behalf of its constituents,
   *Plaintiffs,*

v.                   C.A. No. 19-cv-0573-JJM-PAS

RHODE ISLAND DEPARTMENT OF
CORRECTIONS; PATRICIA COYNE-
FAGUE in her official capacity as the
Director of the Rhode Island Department of
Corrections; MATTHEW KETTLE,
Official Capacity as the Assistant Director of
Institutions and Operations; and BARRY
WEINER in his Official Capacity as the
Assistant Director of Rehabilitation Services
   *Defendants*.

## DEFENDANTS' OBJECTION TO MOTION FOR CONTEMPT FILED BY BRYAN SEVEGNY

Now comes the Defendants, Rhode Island Department of Corrections, Patricia Coyne-Fague, in her official capacity as the Director of Rhode Island Department of Corrections, Matthew Kettle, in his official capacity as Assistant Director of Institutions and Operations, and Barry Weiner, in his official capacity as Assistant Director of Rehabilitation Services (collectively the "RIDOC Defendants"), and object to the Motion for Contempt filed by Bryan Sevegny[1] with this Court on June 5, 2023. (ECF 146).

---

[1] Brian Sevegny is no stranger to this Court, having filed multiple lawsuits over the years:
1:10-cv-00138-PAS Order of Return: Bryan Sevegny filed: 10/06/10 closed: 10/18/13
1:15-cv-00134-JJM-LDA Sevegny v. Kilmartin filed: 4/2/15 closed: 5/27/15
1:15-cv-00135-JJM-LDA Sevegny v. Kilmartin filed: 4/2/15 closed: 5/27/15
1:15-cv-00136-JJM-LDA Sevegny v. Kilmartin filed: 4/2/15 closed: 5/27/15

On June 5, 2023, non-party inmate Bryan Sevegny filed a pleading entitled "Motion for Contempt," seeking to hold the Rhode Island Department of Corrections in contempt for "violations of existing Federal Common Law which have been adjudged before this Court." ECF 146, p. 1.

Sevegny's Motion suffers from multiple fatal errors, the most glaring of which is the lack of jurisdiction to consider his Motion, as he is not a party to this proceeding. The Federal Rules, notably Rule 8 allowing for Motions, speak of parties, intervenors and sometimes potential intervenors. Sevegny fits none of those categories. There is no mechanism in the Rules for a non-party to randomly file pleadings.

---

1:15-cv-00137-JJM-LDA Sevegny v. Kilmartin filed: 4/2/15 closed: 5/27/15
1:15-cv-00138-JJM-LDA Sevegny v. Kilmartin filed: 4/2/15, closed: 5/27/15
1:21-cv-00492-JJM-PAS Sevegny v. Coyne-Fague filed: 12/14/21, closed: 1/12/22
1:13-cv-00721-JJM-LDA Sevegny v. Rhode Island Department of Corrections et al filed 10/31/13, closed 11/22/13
1:14-cv-00539-L-PAS Sevegny v. Houlihan et al. filed 12/17/14, closed 08/19/15
1:16-cv-00258-WES-LDASevegny v. Smith filed 06/10/16   closed 01/04/17
1:17-cv-00261-JJM-PASSevegny v. R.I.B.C.O. et alfiled 05/31/17   closed 11/28/17
1:17-cv-00422-WES-LDASevegny v. Calise filed 09/11/17   closed 02/16/18
1:19-cv-00498-MSM-LDASevegny v. Coyne-Fague et alfiled 09/23/19   closed 09/11/20
1:20-cv-00084-MSM-LDASevegny v. Eleanor Slater Hospitalfiled 02/19/20   closed 04/06/20
1:20-cv-00101-MSM-LDASevegny v. Eleanor Slater Hospitalfiled 03/02/20   closed 04/06/20
1:20-cv-00102-MSM-LDASevegny v. Eleanor Slater Hospitalfiled 03/02/20   closed 04/06/20
1:20-cv-00173-MSM-LDASevegny v. Eleanor Slater Hospitalfiled 04/16/20   closed 08/28/20
1:21-cv-00471-JJM-PAS       Sevegny v. Coyne-Fague       filed 11/30/21, closed 03/24/22
1:22-cv-00271-WES-PAS       Sevegny v. Rhode Island Department of Corrections filed 07/19/22   closed 12/14/22
1:23-cv-00203-JJM-PAS       Sevegny v. Robinson et al     filed 05/16/23
1:19-cv-00652-MSM-LDASevegny v. Eleanor Slater Hospital filed 12/13/19
1:19-cv-00653-MSM-LDASevegny v. Eleanor Slater Hospital filed 12/13/19
1:19-cv-00654-MSM-LDASevegny v. Eleanor Slater Hospital filed 12/13/19   closed 01/06/20
1:20-cv-00174-MSM-LDASevegny v. Eleanor Slater Hospital, et al filed 04/16/20, closed 08/28/20

Sevegny knows full well the impossibility of his request. In Paiva v. R.I. Dep't. of Corr., 2021 U.S. Dist LEXIS 242942 (D.R.I. Dec. 21, 2021), this Court rejected a nearly identical request by Mr. Sevegny, noting:

> RIDOC's objection to Mr. Sevegny's motion is well founded. To the extent that Mr. Sevegny, a non-party, seeks to hold RIDOC in contempt or seeks damages and/or injunctive or declaratory relief, this Court lacks jurisdiction and the motion must be denied. See *Tefft*, 2021 U.S. Dist. LEXIS 235549, 2021 WL 5824331, at *2; *Sevegny,* 19-cv-00498-MSM, Text Order of Sept 11, 2020; *Paiva,* 17-mc-00014-JJM, Text Order of Mar. 19, 2020.

This should end the consideration of Sevegny's Motion.

If the Court wishes to find other reasons to deny the Motion, it should find that the Contempt Motion is not based on an Order that has been violated by any Defendant. Rather, he cites to two previously issued decisions of this Court on Motions to Dismiss, DuPonte v. Wall, 288 F.Supp. 3d 504 (D.R.I. 2018) and Rivera v. Coyne-Fague, 2021 U.S. Dist. LEXIS 188101 (D.R.I. 2021). Those cases granted in part and denied in part Defendants Motions to Dismiss and were based on the specific facts pled in Complaints filed by those Plaintiffs. They have no application here.

> Generally,
>
> The Court may impose civil contempt "to compel compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)* (citing *McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L. Ed. 599 (1949))*. But "[r]ecognizing the contempt power's virility and damage potential, courts have created a number prudential principles designed to oversee its deployment" and require a movant to show, with clear and convincing evidence, that (1) the alleged contemnor had notice of the order, (2) "the order was clear and unambiguous," (3) the alleged contemnor "had the ability to comply with the order," and (4) the alleged contemnor violated the order. *Id.* (citing *Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991))*.

Sevegny can point to no Order applicable to him that has been violated in such a way that would support a contempt finding. Indeed, he acknowledges that his Motion is

based on what he terms "Federal Common Law."  Without an Order, the Court cannot even begin to consider the four factors necessary for a finding of contempt.

Finally, Defendants stand behind the discipline imposed on Mr. Sevegny.  If the Court wishes to examine any or all of the infractions and punishments involving Mr. Sevegny, the Defendants will provide the underlying documentation.  But this Court is not the mechanism to appeal discipline imposed by RIDOC.

      For all of these reasons, Defendants respectfully request that the instant Motion for Contempt be denied.

      STATE DEFENDANTS
RHODE ISLAND DEPARTMENT OF CORRECTIONS, PATRICIA COYNE-FAGUE, in her official capacity of the Director of the Rhode Island Department of Corrections; MATTHEW KETTLE, in his official capacity as Assistant Director of Institutions and Operations; and BARRY WEINER, in his official capacity as Assistant Director of Rehabilitation Services,

*/s/ Rebecca Tedford Partington*
Rebecca Tedford Partington, Esq. (#3890)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
rebecca@desistolaw.com

*/s/ Brenda D. Baum*
Brenda D. Baum #5184
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI  02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

CERTIFICATION OF SERVICE

I hereby certify that on this 8th day of June 2023, the within document was electronically filed and served on all counsel of record via the ECF system and it is available for viewing and downloading to:

| | |
|---|---|
| Maria V. Morris, Esq.<br>Tammi Gregg, Esq.<br>ACLU NATIONAL PRISON PROJECT<br>915 15th Street, N.W., 7th Floor<br>Washington, D.C. 20005-2302 | |
| Brian Adae, Esq.<br>DISABILITY RIGHTS RHODE ISLAND<br>33 Broad St., Suite 601<br>Providence, RI 02903 | |
| Patrick T. Uiterwyk, Esq.<br>James S. Rollins, Esq.<br>Nelson, Mullins, Riley & Scarborough LLP<br>One Financial Center, Suite 3500<br>Boston, MA 02111 | |

*/s/ Rebecca Tedford Partington*