UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLENE LIBERTY, *et al.*,  :
       Plaintiffs,  :
         :
v.  :    C.A. No. 19-573JJM
         :
RHODE ISLAND DEPARTMENT  :
OF CORRECTIONS, *et al.*,  :
       Defendants.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On June 5, 2023, Bryan Sevegny, a non-party prisoner in the custody of Defendant Rhode Island Department of Corrections ("RIDOC"), filed a motion asking the Court to hold RIDOC in contempt in connection with him "be[ing] housed continuously in solitary confinement." ECF No. 146 at 1-2. In response, Defendants filed an objection requesting that the Court deny the motion because (1) the Court lacks jurisdiction to consider the motion of a non-party, and (2) the motion is not based on a court order. ECF No. 147 at 2-4. The motion has been referred to me.[1]

The Court lacks jurisdiction to consider a contempt motion by a non-party. Paiva v. Rhode Island Dep't of Corr., No. 17-mc-00014-JJM-PAS, 2021 WL 6427674, at *1 (D.R.I. Dec. 21, 2021) (denying motion filed by Mr. Sevegny, a non-party movant, seeking to enforce a

---

[1] This motion was referred to me for determination. However, where a motion for contempt was initially pending before the district court but was referred to a magistrate judge, 28 U.S.C. § 636(b)(1)(B) applies and the magistrate judge must proceed by issuing a report and recommendation. S.E.C. v. Brewer, No. 10 C 6932, 2011 WL 3584800, at *2 (N.D. Ill. Aug. 15, 2011); see also Nat'l Glass & Gate Serv., Inc. v. Serv. Everywhere, L.L.C., C.A. No. 08-186, 2009 WL 3334140, at *1 (D.R.I. Oct. 13, 2009). That is what I have done.

judgment of the Court); see Paiva, 17-mc-00014-JJM, Text Order (D.R.I. Mar. 19, 2020) (denying non-party movant's contempt motion for lack of jurisdiction). Here, Mr. Sevegny is "a non-party, [who] seeks to hold RIDOC in contempt or seeks damages and/or injunctive or declaratory relief," as in Paiva; thus, the Court does not have jurisdiction to consider his motion. 2021 WL 6427674, at *1; see Ross v. Jenkins, No. 17-2547-DDC-TJJ, 2019 WL 2501865, at *1 (D. Kan. June 17, 2019) ("strangers to the action [cannot] insert themselves as parties simply by making a filing that says it's so"); PFIP, LLC v. Apsen Total Fitness Centereach, LLC, Civil No. 06-cv-108-JD, 2006 WL 1644623, at *1 (D.N.H. June 7, 2006) ("[Movants] are not parties in this action. Therefore, they lack standing to file a motion to dismiss and/or transfer.").

Even if the Court had jurisdiction, Mr. Sevegny cannot prevail on his motion because it is not based on the violation of a court order entered in this case. Civil contempt "is imposed either to coerce compliance with a court order or to compensate a party harmed by non-compliance." United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011); see United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005). To succeed on a motion for civil contempt, the movant must show by clear and convincing evidence that the non-moving party violated a clear and unambiguous court order. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous."). A review of his motion confirms that Mr. Sevegny does not allege a violation of any order issued by this Court. Rather, Mr. Sevegny bases his motion on "violations of existing Federal Common Law." ECF No. 146 at 1-2 (citing DuPonte v. Wall, 288 F. Supp. 3d 504 (D.R.I. 2018) and Rivera v. Coyne-Fague, C.A. No. 19-458-WES, 2021 WL 4476833 (D.R.I. Sept. 30, 2021)). And so the motion must fail. See Project B.A.S.I.C., 947 F.2d at 16; see also United States v. Sabatino, No. 07-2460-CR(L), 2009 WL 248009, at *1 (2d Cir. Feb. 3,

2009) ("Here, there was no court order directing the U.S. Attorney to return any of [Defendant's] property, and therefore the U.S. Attorney could not possibly be held in contempt for refusing to do so."); Becker v. Carney, No. 16-cv-5315-RBL-JRC, 2017 WL 11573589, at *2 (W.D. Wash. Apr. 12, 2017) (denying contempt motion when movant "shows no basis for an order of contempt as there is no court order that is being willfully violated"); Koninklijke Philips N.V. v. Elec-Tech Int'l Co., No. 14-cv-02737-BLF, 2015 WL 6449399, at *3 (N.D. Cal. Oct. 26, 2015) ("Defendants have failed to show that a court order exists. As a result, Defendants' motion fails on the first prong of the contempt inquiry: there is no court order for the Plaintiffs to violate."). Accordingly, I recommend that Mr. Sevegny's motion for contempt be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 21, 2023