UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE LIBERTY, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT<br>OF CORRECTIONS, *et al.*,<br>　　　　Defendants. | :<br>:<br>:<br>:　C.A. No. 19-573JJM<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

　　On July 11, 2023, the Court denied the *pro se* motion for contempt of Bryan Sevegny, a non-party prisoner in the custody of Defendant Rhode Island Department of Corrections ("RIDOC") because the motion was not based on the violation of a court order in this case and because Mr. Sevegny is not a party in this case. Liberty v. Rhode Island Dep't of Corr., C.A. No. 19-573JJM, 2023 WL 4105181, at *1 (D.R.I. June 21, 2023), adopted by text order (D.R.I. July 11, 2023). Beginning on September 13 through September 20, 2023, Mr. Sevegny has filed four new contempt motions in this case. ECF Nos. 153, 154, 155, 156. In each, he asks the Court to hold RIDOC and ten individuals (none of whom are parties in this case) in contempt for various reasons, none related to any order in this case. All four motions have been referred to me. As with the first contempt motion, I am addressing them by report and recommendation. S.E.C. v. Brewer, No. 10 C 6932, 2011 WL 3584800, at *2 (N.D. Ill. Aug. 15, 2011); see also Nat'l Glass & Gate Serv., Inc. v. Serv. Everywhere, L.L.C., C.A. No. 08-186, 2009 WL 3334140, at *1 (D.R.I. Oct. 13, 2009).

Because they still are not based on an alleged violation of a court order entered in this case, all of Mr. Sevegny's new contempt motions must be denied. Civil contempt "is imposed either to coerce compliance with a court order or to compensate a party harmed by non-compliance" with a court order. United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011); see United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005). To succeed on a motion for civil contempt, the movant must show by clear and convincing evidence that the non-moving party violated a clear and unambiguous court order entered in the case in which the contempt motion is filed. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous."). Careful review of Mr. Sevegny's new contempt motions confirms that he does not allege a violation of any order issued by this Court in Liberty. Rather, the motions address Mr. Sevegny's ongoing dissatisfaction with conditions of confinement and mental health treatment at RIDOC, which are the subject of other cases that are pending in this Court. The motions also focus on an array of defects that Mr. Sevegny contends taint his state court judgment(s) of conviction; Mr. Sevegny has a post-conviction case currently pending in the Superior Court. And the motions raise Mr. Sevegny's concern about RIDOC's handling of allegedly stolen insurance money, a matter that is totally unrelated to this case. Because Mr. Sevegny does not allege that RIDOC violated any order in this case, the new contempt motions must fail. See Project B.A.S.I.C., 947 F.2d at 16. Therefore, I recommend that they be denied.

Mr. Sevegny's new contempt motions also still suffer from the fatal defect that the Court lacks jurisdiction to consider a contempt motion by a non-party. Paiva v. Rhode Island Dep't of Corr., No. 17-mc-00014-JJM-PAS, 2021 WL 6427674, at *1 (D.R.I. Dec. 21, 2021) (denying motion filed by Mr. Sevegny, a non-party movant, seeking to enforce a judgment of the Court).

Mr. Sevegny's argument that he is a party in Liberty appears to derive from his status as a member of the certified class in a different case, Morris v. Travisono, 69-cv-4192-JJM. In Liberty, no class has been certified; unless and until a class is certified, Mr. Sevegny is not a member of a certified class. Further, membership in a certified class alone is not enough to confer party status for purposes of bringing a contempt motion to enforce a court order. See Reynolds v. Butts, 312 F.3d 1247, 1248-50 (11th Cir. 2002) (per curiam) ("non-intervening members of a class" lack standing to seek contempt for violation of consent decree, citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975)); Coal. of Black Leadership v. Doorley, C.A. No. 71-4523JJM, 2023 WL 3844618, at *6 (D.R.I. June 6, 2023), adopted, 2023 WL 4174463 (D.R.I. June 26, 2023) (despite claim of membership in uncertified class, intervention motion to raise alleged contempt denied based, *inter alia*, on lack of standing). Thus, Mr. Sevegny is a still "a non-party, [who] seeks to hold RIDOC in contempt or seeks damages and/or injunctive or declaratory relief," and the Court does not have jurisdiction to consider his motion. Paiva, 2021 WL 6427674, at *1. Therefore, Mr. Sevegny's new contempt motions are also subject to dismissal because he is a non-party.

      Based on the foregoing, I recommend that the motions for contempt (ECF Nos. 153, 154, 155, 156) be denied. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 22, 2023